IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CT-3278-FL

| | | |
|---|---|---|
| ROBERT SIGLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LT. SMITH, | ) | |
| | ) | |
| Defendant.[1] | ) | |

This matter is before the court on defendant's motions for summary judgment (DE 46) and to strike surreply brief (DE 55). Also before the court is plaintiff's motion for leave to file objections, facts, and for judgment on the pleadings (DE 57), which the court construes as a supplemental response to the motion for summary judgment. The issues raised are ripe for ruling. For the reasons set forth below, defendant's motion for summary judgment is granted and the motion to strike is denied as moot.

## STATEMENT OF THE CASE

Plaintiff, a former state pretrial detainee proceeding pro se, commenced this action by filing complaint on September 23, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant retaliated against him for attempting to file misconduct allegations against the state prosecutor and other officials involved in his criminal prosecution, in

---

[1] The court dismissed formerly named defendants Sampson County, Arneatha A. Gillis, and Charles H. Henry by separate order entered October 9, 2020.

violation of the First Amendment to the United States Constitution. Defendant Lieutenant Smith is a correctional officer at the Sampson County Detention Center. As relief, plaintiff seeks compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management order, defendant moved for summary judgment on June 17, 2021. In support of the motion, defendant relies upon memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) defendant's personal affidavit; 2) Sampson County Sheriff's Office policies addressing disciplinary infractions, inmate correspondence, and administrative segregation; 3) Sampson County Detention Center Inmate Handbook; 4) plaintiff's administrative grievances; 5) plaintiff's booking report; 6) October 14, 2018, correspondence from plaintiff to Joy Sigler; 7) disciplinary summary report dated October 16, 2018; and 8) plaintiff's responses to defendant's requests for admissions. Plaintiff responded in opposition to the motion, relying upon a memorandum of law, and defendants replied.

On August 25, 2021, plaintiff filed surreply in further opposition to the motion for summary judgment, without obtaining leave of court. Defendant filed the instant motion to strike this filing on September 15, 2021.

On October 5, 2021, plaintiff filed the instant motion for leave to file objections, facts, and for judgment on the pleadings. Defendant did not respond to this filing. As noted above, the court construes this motion as a supplemental response to the motion for summary judgment.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine

2

Case 5:19-ct-03278-FL   Document 59   Filed 03/23/22   Page 2 of 6

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the

necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B.  Analysis

Defendant argues plaintiff failed to exhaust available administrative remedies prior to filing this action. The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

Administrative exhaustion is "defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007). And the PLRA mandates "proper exhaustion" meaning "untimely or otherwise procedurally defective administrative grievance[s] or appeal[s,]" as determined by the correctional institution's procedural rules, do not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. at 83, 90. Thus, an inmate properly

4

exhausts administrative remedies only if he receives a decision "on the merits" of his grievance and complies with all procedural requirements for appealing the result. See id. at 90.

The Sampson County Detention Center, where plaintiff was housed when the events at issue occurred, provides a two-step administrative remedy procedure. (Smith Aff. (DE 49-1) ¶¶ 33–36; Inmate Handbook (DE 49-3) at 11).[2] The first step requires the detainee to present his complaint to the "pod supervisor." (Inmate Handbook (DE 49-3) at 11). If dissatisfied with the pod supervisor's response, the detainee may appeal the decision to the appropriate administrator using an inmate request/grievance form. (Id.).

Here, the undisputed record evidence establishes plaintiff did not exhaust administrative remedies prior to filing this action. Plaintiff's grievance records do not include a formal grievance alleging defendant retaliated against him for attempting to file misconduct complaints about the prosecutor and other officials involved in his criminal prosecution. (DE 49-5); see also Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (explaining administrative grievances must contain sufficient detail to "alert[] the prison to the nature of the wrong for which redress is sought" and "give prison officials a fair opportunity to address the alleged [mistreatment]") (quotations omitted). Moreover, plaintiff's response offers no evidence establishing he exhausted administrative remedies. (See DE 52 (failing to address administrative exhaustion). And to the extent plaintiff argues in other filings that his transfer to a state correctional facility rendered the detention center's administrative remedy procedure unavailable, (see DE 8 at 2), plaintiff remained housed at the detention center for months following the alleged retaliation. (See Disciplinary

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

Report (DE 49-9 at 1) (documenting incident on October 16, 2018); Booking Report (DE 49-1 at 1) (showing plaintiff was released on January 31, 2019)). Plaintiff fails explain why he did not file a pertinent grievance during that time period, and he does not allege the administrative remedy procedure was unavailable to him.

In sum, plaintiff failed to exhaust available administrative remedies prior to filing this action, and the PLRA therefore bars his claim. 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84–85.

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 46) is GRANTED, and the motion to strike plaintiff's surreply (DE 55) is DENIED as moot. Plaintiff's retaliation claim against defendant Smith is DISMISSED without prejudice. The clerk is DIRECTED to close this case, administratively terminate plaintiff's motion for leave (DE 57), and recharacterize same as a supplemental response to the motion for summary judgment.

SO ORDERED, this the 23rd day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge